UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER CAMPBELL,

     Plaintiff,

v.

                                     **CASE NUMBER:**

PRISON HEALTH SERVICES, INC.,
UNKNOWN EMPLOYEES
OF PRISON HEALTH SERVICES,
INC., WILLIAM BALKWILL, AS SHERIFF
OF SARASOTA COUNTY, FLORIDA,
UNKNOWN CORRECTIONS
OFFICERS OF SARASOTA COUNTY,
FLORIDA,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the plaintiff, WALTER CAMPBELL and sues the defendants, as follows:

## JURISDICTION

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as an action arising under the Constitution, laws, and treaties of the United States. Specifically, plaintiff alleges that this action arises under the Constitution of the United States, 42 U.S.C. § 1983, and 28 U.S.C. § 1343, because his claim is based on an alleged deprivation of rights guaranteed by the Constitution of the United States.

## VENUE

Plaintiff alleges that all relevant facts occurred in Sarasota County, Florida, in the Middle District of Florida, and that venue is accordingly proper in the United States District Court for the Middle District of Florida, Tampa Division.

## STATUTE OF LIMITATIONS

This action alleges unconstitutional and tortious conduct by the defendants on or about July, 2007 to August, 2007, and is timely filed within the relevant statute of limitations for violations of 42 U.S.C. § 1983 and personal injury actions under the laws of the State of Florida, Fl. Stat. § 95.11(3) (o).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.  Plaintiff was at all relevant times a resident of Sarasota County, Florida, and a United States citizen over the age of eighteen.

2.  At the time of the incident alleged, plaintiff was a pretrial detainee incarcerated in the Sarasota County Jail.

3.  Defendant Prison Health Services was, at all relevant times, a private company providing health care to inmates pursuant to a contract with Sarasota County, and/or defendant William Balkwill, the elected Sheriff of Sarasota County, Florida.  The unknown defendant correctional officers were, at all relevant times, on-duty correctional deputies with the Sarasota County Sheriff's Office and acted within the scope of their employment.

4.  All defendants were at all relevant times, each a "person" as that term is used under 42 U.S.C. § 1983, acting under color of the statutes of the State of Florida.

5.     On or about the end of July, 2007 to the beginning of August, 2007, the plaintiff, an incarcerated inmate at the Sarasota County Jail, was attacked by another inmate.

6.     He suffered multiple facial fractures, which went undiagnosed until August 17, 2007, when he was taken to Sarasota Memorial Hospital.  Physicians there diagnosed a three-week old partially healed left zygomatic fracture, a left nasal fracture, a left orbital floor fracture, and left facial numbness and pain.

7.     By the time of his diagnosis, the plaintiff's facial fractures had begun to heal irregularly, resulting in a dental malocclusion.

8.     By the time of his diagnosis, the plaintiff had consistently and regularly attempted to secure proper medical care for his injuries from the Sarasota County correctional staff and the staff of Prison Health Services.

9.     These attempts by the plaintiff to obtain proper medical care were ignored by the defendants, despite the fact that they knew or should have known of the plaintiff's severe injuries.

10.     In fact, by the time of the plaintiff's diagnosis, the plaintiff had been reduced to having to eat a pureed diet, as he was unable to chew without enormous pain.

After his diagnosis, the plaintiff had to have painful and extensive facial operations, and has suffered severe, prolonged and permanent injury and pain.

## COUNT I

### *(Violation of Civil Rights under Color of State Law, in violation of 42 U.S.C. § 1983)* AS TO PRISON HEALTH SERVICES, INC.

Plaintiff adopts and reasserts herein paragraphs one through ten of the factual allegations, common to all counts, *supra,* and sues defendants PRISON HEALTH SERVICES, for violation of his civil rights, and alleges as follows:

11.   This is an action for violation of civil rights under color of state law, in violation of 42 U.S.C. § 1983.

12.   At all relevant times, defendant Prison Health Services, was a contractor specifically authorized to provide health services to inmates such as the plaintiff.

13.   The Sheriff of Sarasota County (and the county itself) had a constitutional obligation to provide medical care to incarcerated individuals such as the plaintiff. This duty cannot be absolved by any contracts with an entity such as Prison Health Services. Although Prison Health Services had contracted to perform an obligation owed by the county and the Sheriff, the county and the Sheriff remain liable for any constitutional deprivations caused by the policies or customs of Prison Health Services. This constitutional obligation is non-delegable.

14.    Where a function which is traditionally the exclusive prerogative of a county or Sheriff, (such as the providing of health care to inmates such as the plaintiff) is performed by a private entity (such as the Prison Health

4

Services) state action is present. Prison Health Services and all the defendants acted under color of state law at all times relevant herein.

15.    Prison Health Services, by its actions, deprived the plaintiff, as a pretrial detainee, of his constitutional right to medical treatment guaranteed by the Fourteenth Amendment. Specifically, the plaintiff alleges that his rights were violated by the defendant's actions, and that the defendant's actions were not objectively reasonable for purposes of qualified immunity under the totality of circumstances. The actions of the defendants which are complained of include, but are not limited to, the following:

a.    Defendants were deliberately indifferent to the plaintiff's serious medical needs by denying the plaintiff access to medical personnel capable of evaluating the need for treatment;

b.    Plaintiff was suffering from an objectively serious medical need at all relevant times;

c.    The plaintiff's injuries, although eventually diagnosed by a competent physician at Sarasota Memorial Hospital, were so obvious that even a lay person would have recognized the necessity for the immediate medical treatment of the plaintiff;

d.    The plaintiff's condition was one that was left unattended, and posed a serious risk of harm to the plaintiff;

e.    The defendants had subjective knowledge of the risk of serious harm to the plaintiff;

5

f.    The defendants disregarded that risk;

g.    The defendants' conduct amounted to more than mere negligence. In fact, the defendants knew of the medical needs of the plaintiff, yet unnecessarily delayed care of the plaintiff;

h.    The care given the plaintiff by the defendants was so cursory as to amount to no treatment at all.

Plaintiff alleges that the defendants at all times acted within the scope of their official duties while depriving the plaintiff of his constitutional rights.

16.    As a direct and proximate result of the violation of the plaintiff's Fourteenth Amendment rights caused by the defendants, the plaintiff has been injured, including, but not limited to, the following: Loss of rights, permanent physical injury, physical pain and mental anguish, medical bills, civil attorney fees, and the costs of bringing suit, as well as other damages. The plaintiff seeks punitive damages and alleges the defendants' actions were outrageous and done with a reckless disregard for the rights of the plaintiff at all relevant times.

## COUNT II

### *(Violation of Civil Rights under Color of State Law, in violation of 42 U.S.C. § 1983)* ### AS TO WILLIAM BALKWILL, SHERIFF OF SARASOTA COUNTY

Plaintiff adopts and reasserts herein paragraphs one through ten of the factual allegations, common to all counts, *supra,* and sues defendants WILLIAM BALKWILL,

6

AS SHERIFF OF SARASOTA COUNTY, FLORIDA, and UNKNOWN

CORRECTIONS OFFICERS OF SARASOTA COUNTY, FLORIDA for violation of his

civil rights, and alleges as follows:

17.  This is an action for violation of civil rights under color of state law, in violation of 42 U.S.C. § 1983.

18.  At all relevant times, defendant Prison Health Services, was a contractor specifically authorized to provide health services to inmates such as the plaintiff.

19.  The Sheriff of Sarasota County (and the county itself) had a constitutional obligation to provide medical care to incarcerated individuals such as the plaintiff. This duty cannot be absolved by any contracts with an entity such as Prison Health Services. Although Prison Health Services had contracted to perform an obligation owed by the county and the Sheriff, the county and the Sheriff remain liable for any constitutional deprivations caused by the policies or customs of Prison Health Services. This constitutional obligation is non-delegable.

20.  Where a function which is traditionally the exclusive prerogative of a county or Sheriff, (such as the providing of health care to inmates such as the plaintiff) is performed by a private entity (such as the Prison Health Services) state action is present. Prison Health Services and all the defendants acted under color of state law at all times relevant herein.

21.  Prison Health Services, by its actions, deprived the plaintiff, as a pretrial detainee, of his constitutional right to medical

treatment guaranteed by the Fourteenth Amendment. Specifically, the plaintiff alleges that his rights were violated by the defendant's actions, and that the defendant's actions were not objectively reasonable for purposes of qualified immunity under the totality of circumstances. The actions of the defendants which are complained of include, but are not limited to, the following:

a.    Defendants were deliberately indifferent to the plaintiff's serious medical needs by denying the plaintiff access to medical personnel capable of evaluating the need for treatment;

b.    Plaintiff was suffering from an objectively serious medical need at all relevant times;

c.    The plaintiff's injuries, although eventually diagnosed by a competent physician at Sarasota Memorial Hospital, were so obvious that even a lay person would have recognized the necessity for the immediate medical treatment of the plaintiff;

d.    The plaintiff's condition was one that was left unattended, and posed a serious risk of harm to the plaintiff;

e.    The defendants had subjective knowledge of the risk of serious harm to the plaintiff;

f.    The defendants disregarded that risk;

g.    The defendants' conduct amounted to more than mere negligence. In fact, the defendants knew of the medical needs of the plaintiff, yet unnecessarily delayed care of the plaintiff;

8

h.   The care given the plaintiff by the defendants was so cursory as to amount to no treatment at all.

Plaintiff alleges that the defendants at all times acted within the scope of their official duties while depriving the plaintiff of his constitutional rights.

22.   As a direct and proximate result of the violation of the plaintiff's Fourteenth Amendment rights caused by the defendants, the plaintiff has been injured, including, but not limited to, the following: Loss of rights, permanent physical injury, physical pain and mental anguish, medical bills, civil attorney fees, and the costs of bringing suit, as well as other damages. The plaintiff seeks punitive damages and alleges the defendants' actions were outrageous and done with a reckless disregard for the rights of the plaintiff at all relevant times.

**WHEREFORE**, the plaintiff demands judgment against the defendants for all damages allowable by law, including punitive damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

The plaintiff demands trial by jury on all issues so triable.

## RULE 11 CERTIFICATION

I hereby certify, pursuant to R.11, Fed.R.Civ.P., and R.2.0.03, Rules of the United States District Court, Middle District of Florida, that this action has been brought in good faith,

and that the matters herein have been investigated with due diligence by undersigned

counsel.

**Respectfully Submitted,**

**BUCKMAN & BUCKMAN, P.A.**

**Y. Drake Buckman, II, Esq.**
**FBN: 0137634**

**Amiee R. Buckman, Esq.**
**FBN: 0145130**
**1800 Second Street**
**Suite 715**
**Sarasota, FL 34236**
**Tel.: 941-906-7374**
**Fax.: 941-929-0035**
**Web/e-mail:buckmanandbuckman@comcast.net**
**Attorneys for the Plaintiff**